UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE SECRETARY OF THE U.S. DEPARTMENT :
OF HOUSING AND URBAN DEVELOPMENT, :
an agency of the United States of America, :
  :
                        Plaintiff, :      REPORT AND
  :      RECOMMENDATION
                   -against- :
  :      No. 23-CV-2297-MKB-JRC
  :
THE ESTATE OF LILLIAN CARMODY aka :
Lillian M. Carmody, deceased; ROBERT :
GOLAMBOS and BETSY FROEHLING, Trustees :
of the Irrevocable Trust Agreement of Lillian M. :
Carmody, under an agreement dated October 18, :
2011; NEW YORK STATE DEPARTMENT OF :
TAXATION AND FINANCE; DELTIA LEWIS; :
"JOHN DOE #1-5" and "JANE DOE #1-5", said :
names being fictitious, it being the intention of :
plaintiff to designate any and all occupants, tenants, :
persons or corporations, if any, having or claiming :
an interest in or lien upon the premises being :
foreclosed herein, :
  :
                    Defendants. :
-----------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

      Plaintiff the Secretary of the United States Department of Housing and Urban Development ("plaintiff" or "HUD") brings this foreclosure action against the Estate of Lillian Carmody aka Lillian M. Carmody, deceased, Robert Golambos and Betsy Froehling, as Trustees of the Irrevocable Trust Agreement of Lillian M. Carmody, under an agreement dated October 18, 2011, Deltia Lewis ("Lewis") and the New York State Department of Taxation and Finance (collectively, "defendants").[1]  Plaintiff seeks damages, costs, and a judgment of foreclosure and

---

[1] Plaintiff also seeks to dismiss voluntarily its claims against John and Jane Does #1-5 (collectively, "Doe Defendants") since plaintiff has determined that Lewis is the only occupant of the property at issue. *See* Affirmation of John Manfredi ("Manfredi Aff.") ¶¶ 51, 52, Dkt. 22-2.  The Doe defendants were named to "designate tenants, occupants or other persons, if any,

sale. Compl. at Wherefore Clause, Dkt. 1; [Proposed] Judgment of Foreclosure and Sale ("Proposed J."), Dkt. 22-13; Affidavit of William Collins ("Collins Aff.") ¶¶ 30-35, Dkt. 22-1. Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court entered default against the defendants in June 2023. *See* Dkts. 15, 19, 20, 21.

Currently pending before this Court, on a referral from District Judge Margo K. Brodie, is plaintiff's motion for default judgment. *See* Order Referring Motion dated July 21, 2023. For the reasons set forth below, this Court respectfully recommends **granting** plaintiff's motion.

**Relevant Factual and Procedural Background**

The following facts are drawn from plaintiff's complaint, supporting affidavits, and accompanying exhibits, and are accepted as true for purposes of this motion. *See* Dkts. 1, 22.

Plaintiff brought this action pursuant to 28 U.S.C. § 1345 to foreclose on a Home Equity Conversion Mortgage ("HECM"), also known as a reverse mortgage, encumbering 1134 Central Avenue, South Hempstead, New York 11550 in Nassau County (the "Property"). *See* Compl. ¶¶ 1, 3, 10. The HECM program is regulated and set forth in 24 C.F.R. Part 206, *et seq.*, and all subsequent handbooks (43330.1 REV-5), mortgagee letters, etc., as set forth by the Secretary of HUD. *Id.* ¶ 3.

On or about February 3, 2003, Lillian Carmody and Robert Carmody executed and delivered to BNY Mortgage Company LLC an Adjustable-Rate Note (the "Note") and, as

---

having or claiming any estate or interest in possession upon the mortgaged premises or any portion thereof." Compl. ¶ 32, Dkt. 1. Accordingly, since plaintiff does not intend to pursue its claims against the Doe defendants, this Court recommends dismissal of the claims against the Doe Defendants. *See GEICO v. Wellmart RX, Inc.*, No. 19-CV-4414, 2022 WL 17774929, at *13 n.10 (E.D.N.Y. June 24, 2022); *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2019 WL 8381264, at *1 n.1 (E.D.N.Y. Dec. 9, 2019).

2

collateral, a reverse mortgage (the "Mortgage") in the amount of $245,000.00. Compl. ¶ 8; Note, Dkt. 1-2 at ECF pages[2] 1-4; Mortgage, Dkt. 1-2 at ECF pages 5-16. Simultaneous with the execution of the Mortgage and Note, Lillian and Robert Carmody executed and delivered a second note and collateral mortgage (the "Second Note" and "Collateral Mortgage") in favor of HUD, dated February 3, 2003. Compl. ¶ 11; Second Note, Dkt. 1-3 at ECF pages 2-4; Collateral Mortgage, Dkt. 1-3 at ECF pages 5-16. The Collateral Mortgage was additional security for the reverse mortgage. *See* Compl. ¶ 13.

BNY Mortgage Company LLC assigned the Mortgage to Seattle Mortgage Company, on February 3, 2003. Compl. ¶ 14; Dkt. 1-4 at ECF pages 2-4. Seattle Mortgage Company assigned the Mortgage to Bank of America, N.A., on June 27, 2007. Compl. ¶ 15; Dkt. 1-4 at ECF pages 5-9. Bank of America, N.A. assigned the Mortgage to Champion Mortgage Company, on November 23, 2012. Compl. ¶ 16; Dkt. 1-4 at ECF pages 10-12. Champion Mortgage Company assigned the Mortgage to HUD, on March 8, 2016. Compl. ¶ 17; Dkt. 1-4 at ECF pages 13-14. HUD is the owner and holder of the Mortgage and Note and has the authority to institute a mortgage foreclosure action. *See* Compl. ¶ 19.

The Note provides that the lender "may require immediate payment in full of all outstanding principal and accrued interest[,] if . . . [a] Borrower dies and the Property is not the principal residence of a surviving borrower . . . ." Note ¶ 7, Dkt. 1-2 at ECF page 3; *see* Compl. ¶ 20. In addition, the Mortgage provides the lender with the remedy of foreclosure in the event of the death of Lillian and Robert Carmody and non-occupancy of a surviving borrower. *See* Mortgage ¶ 9, Dkt. 1-2 at ECF page 8; Compl. ¶ 24.

---

[2] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

3

Lillian Carmody and Robert Carmody died on December 5, 2017 and November 6, 2006, respectively. *See* Compl. ¶ 21; Certificates of Death, Dkt. 1-1. Due to Lillian Carmody's death, and because the mortgaged premises is not occupied by any surviving borrower, HUD elected to declare the entire sum under the Note due and payable. Compl. ¶ 23. Lewis is a tenant in possession of the Property. *Id.* ¶ 31.

On or about December 15, 2022, plaintiff mailed a 90-day notice, pursuant to New York's Real Property Action and Proceedings Law ("RPAPL") §§ 1304 and 1306, via first class and certified mail to the occupant of the Property. Compl. ¶ 34; Dkt. 1-5 at ECF pages 4-23. In addition, on January 31, 2023, the Nassau County Sheriff also served the 90-day notice personally on Lewis. Compl. ¶ 34; Dkt. 1-5 at ECF pages 2-3.

On March 25, 2023, HUD commenced this action seeking foreclosure of the Property and payment of all outstanding amounts due on the Note by foreclosure sale. Compl. ¶¶ 35, 37. As of March 16, 2023, plaintiff sought to recover unpaid principal in the amount of $269,696.87, accrued interest through March 16, 2023 in the amount of $130,931.52 (plus additional interest at the rate of $79.49 per day until the date of entry of Judgment), service charges in the amount of $7,260.00, and mortgage insurance premiums in the amount of $25,779.70, for a total of $433,668.09. *Id.* ¶ 25. Plaintiff seeks only a judgment of foreclosure and sale, and not a deficiency judgment. *Id.* ¶ 35. HUD named as defendants: the Estate of Lillian Carmody; Robert Golambos and Betsy Froehling, as Trustees of the Irrevocable Trust of Lillian M. Carmody, under an agreement dated October 18, 2011; Lewis; a possible subordinate lien holder, the New York State Department of Taxation and Finance; and John and Jane Does.[3] Compl.

---

[3] Lillian Carmody was a prior record owner of the Property and obligor under the Note. Compl. ¶ 28. Robert Golambos and Betsy Froehling are record owners of the Property, as trustees. *Id.* ¶ 29. Lewis is an occupant of the Property. *Id.* ¶ 31.

4

¶¶ 28-32.  Plaintiff properly served defendants with the summons and complaint.  *See* Dkts. 7, 8, 9, 10, 12, 14.  After defendants' time to answer expired, plaintiff requested Certificates of Default from the Clerk of Court.  *See* Dkts. 15, 19, 20, 21.  Following entry of default against defendants, on July 18, 2023, plaintiff moved for default judgment.  *See* Dkt. 22.  Plaintiff properly mailed the motion for default judgment to defendants.  *See* Dkt. 22-16.

At a hearing on the motion for default judgment held on January 18, 2024, Lewis appeared.  *See* Minute Entry dated January 18, 2024.  Lewis advised the Court that he is the tenant in possession of the Property.  *See id.*  At a subsequent conference held on February 8, 2024, Lewis further advised the Court that he does not challenge the basis for the default motion or this action.  *See* Minute Entry dated February 8, 2024.[4]  To date, none of the other defendants have appeared, answered or otherwise responded to the complaint or the motion for default judgment.

## Discussion

### I.  Standing

Since plaintiff is not an original party to the Note, this Court will first address plaintiff's standing to bring this foreclosure action.  *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.").  "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'"  *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells*

---

[4] The Court provided Lewis an opportunity to respond in writing to the motion for default judgment.  *See* Minute Entry dated Feb. 8, 2024.  Lewis chose not to respond in writing to the motion.

5

*Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id*. (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *Id*. (quoting *Wells Fargo Bank, NA v. Ostiguy*, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)).

Here, plaintiff alleges, and submits documentation to establish, that it has been in possession of the Note and has been assigned the Mortgage since March 8, 2016. *See* Compl. ¶¶ 17, 19; Assignment, Dkt. 1-4 at ECF pages 13-14. Plaintiff has provided copies of the Note and Mortgage as well as a series of assignments that resulted in the assignment to plaintiff. *See* Note, Dkt. 1-2 at ECF pages 2-4; Mortgage, Dkt. 1-2 at ECF pages 5-16; Assignments, Dkt. 1-4 at ECF pages 2-14. Since plaintiff has submitted uncontroverted evidence that it held the Note and Mortgage when it commenced this action on March 25, 2023, this Court finds that plaintiff has standing to pursue this action. *See Thompson*, 631 F. App'x at 15-16; *JXB 84 LLC v. Khalil*, No. 15-CV-6251, 2017 WL 1184001, at *3 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017).

**II.     Liability**

    **A.     Default Judgment Standard**

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment. The Rule sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default

6

pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2).

When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Lab'ys, Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations omitted).

### B. Mortgage Foreclosure

"To foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment on the loan [secured by the mortgage]." *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Kings Cnty. Pub. Admin.*, No. 22-CV-7925, 2023 WL 7169000, at *3 (E.D.N.Y. Sept. 13, 2023) (internal citation and quotation marks omitted), *report and recommendation adopted*, 2023 WL 7167515

7

(E.D.N.Y. Oct. 31, 2023); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Robedee*, No. 22-CV-809, 2022 WL 18284844, at *4 (E.D.N.Y. Dec. 5, 2022), *report and recommendation adopted*, 2022 WL 17850116 (E.D.N.Y. Dec. 22, 2022).  Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence.  *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *United States v. Watts*, No. 13-CV-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014), *report and recommendation adopted*, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

Here, the allegations in the complaint, as well as the evidence submitted in support of plaintiff's motion, establish that plaintiff is entitled to foreclosure.[5]  Plaintiff has produced copies of the Note, Mortgage, and assignment history, thereby establishing the borrowers' obligations arising thereunder.  Plaintiff also has established that an event of default occurred upon the death of the sole remaining borrower, Lillian Carmody.  *See* Note ¶ 7; Mortgage ¶ 9.  Because defendants have not answered the complaint or otherwise opposed the instant motion, they have failed to rebut plaintiff's *prima facie* showing that it is entitled to foreclosure.  *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Nassau Cnty. Pub. Admin. as Admin. of the Estate of Ella Mae Key a/k/a Mae Key, Deceased*, No. 19-

---

[5] New York Civil Practice & Procedure Law § 3012-b requires that a Certificate of Merit be filed with the complaint in a residential foreclosure, which is missing here.  However, since this case is brought by the United States pursuant to 28 U.S.C. § 1345, that procedural rule does not apply to this action.  *See United States v. Stratton*, No. 19-CV-1716, 2020 WL 1530846, at *4-*6 (W.D.N.Y. Mar. 31, 2020), *report and recommendation adopted*, 2020 WL 2042408 (E.D.N.Y. Apr. 28, 2020).  In any event, Rule 11 of the Federal Rules of Civil Procedure provides a similar safeguard in requiring HUD's counsel's signature as certification that the claims are warranted by existing law, and the factual contentions have evidentiary support.  *See id*. at *5; *see also* Fed. R. Civ. P. 11(b).

8

CV-3547, 2023 WL 2421676, at *7 (E.D.N.Y. Feb. 9, 2023). [6]

Plaintiff also names the New York State Department of Taxation and Finance as a possible subordinate lien holder, and Lewis as a tenant in possession of the Property.  Section 1311 of the RPAPL requires that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  RPAPL § 1311(3).  "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'"  *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc.*, 803 N.Y.S.2d 95, 97-98 (2d Dep't 2005)).  Default judgment is appropriate against such a defendant where the complaint alleges "nominal liability," *i.e.*, that any judgments or liens a defendant may have against the property are subject and subordinate to plaintiff's lien.  *See E. Sav. Bank, FSB v. Rabito*, No. 11-CV-2501, 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), *report and recommendation adopted*, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014).  Those defendants with a nominal interest also include a non-owner tenant, in this case, Lewis.  *See Robedee*, 2022 WL 18284844, at *5; *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *4

---

[6] Ordinarily, even on a default judgment motion, this Court would examine whether a plaintiff in a residential foreclosure action has complied with the notice requirements of RPAPL § 1304. *See, e.g.*, *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474, 2024 WL 219092, at *5 (E.D.N.Y. Jan. 22, 2024); *Freedom Mortg. Corp. v. Cadet*, No. 19-CV-3158, 2023 WL 6358070, at *6-*7 (E.D.N.Y. Sept. 29, 2023); *Freedom Mortg. Corp. v. Meurer*, No. 19-CV-1497, 2023 WL 6358041, at *4 (E.D.N.Y. Sept. 29, 2023). However, several courts in this District have found that those requirements do not apply when the borrower dies before commencement of the action. *See, e.g., Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *2 n.3; *Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *4 n.2; *Windward Bora LLC v. Valencia*, No. 19-CV-4147, 2022 WL 872506, at *2 n.5 (E.D.N.Y. Mar. 24, 2022).

9

(E.D.N.Y. May 9, 2016), *report and recommendation adopted*, 2016 WL 3102021 (E.D.N.Y. June 2, 2016).

Each of the defendants was properly served with the summons and complaint, as well as the motion for default judgment. None of the defendants responded to dispute that their interests are subordinate to HUD. Although Lewis appeared at two court conferences, he did not challenge plaintiff's right to a foreclosure and sale. *See* Minute Entry dated February 8, 2024. Therefore, the Court recommends that the Court enter default judgment against the nominal defendants (*i.e.*, Lewis and the New York State Department of Taxation and Finance), and find that any interest they may possess is extinguished. *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *7; *Robedee*, 2022 WL 18284844, at *5.

Accordingly, this Court respectfully recommends **granting** plaintiff's motion for default judgment as set forth below.

### III.  Damages

While the allegations of a complaint concerning liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Rather, a court must ensure that there is an evidentiary basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2);

*Joe Hand Promotions, Inc. v. Levin*, No. 18-CV-9389, 2019 WL 3050852, at *3 (S.D.N.Y. July 12, 2019) (holding that a hearing is "not necessary as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment") (alterations in original, internal quotations omitted); *Fustok*, 873 F.2d at 40 (noting that a court may rely on detailed affidavits and documentary evidence as the basis for determining damages to be awarded in a default judgment).

Plaintiff has submitted in support of its motion the affidavit of William Collins, Director of the Single Family Servicing and Loss Mitigation Division of HUD. *See* Collins Aff., Dkt. 22-1. The affidavit details the amount due under the Note. *Id.* ¶ 30. Plaintiff seeks a judgment of foreclosure and sale with the proceeds applied to a total amount owed of $442,667.01 as of June 29, 2023. *See id.* In addition, plaintiff seeks reimbursement of costs in the amount of $2,024.67. *See* Bill of Costs, Dkt. 22-3; Proposed J., Dkt. 22-13 at ECF page 3. Plaintiff also seeks entry of a Judgment of Foreclosure and Sale permitting plaintiff to foreclose upon and sell the Property at auction. *See* Proposed J.; Manfredi Aff. ¶ 50. Defendants have not submitted any opposition.

Accordingly, and for the reasons set forth below, this Court concludes that a hearing on the issue of damages is unwarranted and respectfully recommends awarding plaintiff relief as discussed below.

As of June 29, 2023, the remaining principal due on the Mortgage is $270,198.87. *See* Collins Aff. ¶ 30. The total accrued interest as of June 29, 2023 is $138,714.66. *Id.* A monthly servicing fee of $30 was set at the time of the loan closing and continues throughout the life of the Mortgage. *See* Collins Aff. ¶ 32 (citing 24 C.F.R. § 206.207). The total service charges accrued as of June 29, 2023 is $7,350.00. Collins Aff. ¶ 30. In addition, the borrowers paid a Mortgage Insurance Premium ("MIP"), according to the terms of the Mortgage. *Id.* ¶ 33. The

11

MIP was "calculated at a rate of 0.500% of the balance after an initial MIP of $4,900.00 was applied to this account at closing." *Id.*; *see* 24 C.F.R. § 206.105(a) ("The mortgagee shall pay . . . an initial MIP that does not exceed three percent of the maximum claim amount."); *id.* § 206.150 (b) ("Commission may establish and collect a monthly MIP, which will accrue daily from the closing date, at a rate not to exceed 1.5 percent of the remaining principal balance."). The MIP as of June 29, 2023 is $26,403.48. Collins Aff. ¶ 30. Based on the sworn Collins affidavit, the Court recommends awarding HUD a total of **$442,667.01**, plus prejudgment interest from June 30, 2023 through the entry of judgment. *See* Collins Aff. ¶ 30; *see also Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3 (recommending damages based on sworn affidavit of HUD official); *Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *7 (relying on affidavit of Mr. Collins); *Robedee*, 2022 WL 18284844, at *6 (same); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Toscano*, No. 20-CV-5998, 2021 WL 6424600, at *4 (E.D.N.Y. Dec. 20, 2021), *report and recommendation adopted*, 2022 WL 103678 (E.D.N.Y. Jan. 11, 2022).

Plaintiff does not seek attorneys' fees, but plaintiff requests $2,024.67 for costs and disbursements. *See* Proposed J. at ECF page 3; Bill of Costs, Dkt. 22-3; Compl. ¶ 40. In support of its request, plaintiff submitted a bill of costs describing the amounts spent on title searches, filing the Notice of Pendency and service of process. Plaintiff further submitted invoices documenting those amounts. *See* Dkts. 22-3, 22-10 at ECF page 1, 22-11, 22-12.

"A plaintiff in a foreclosure action may recover . . . costs against a borrower-defendant if the note or mortgage provides for such an award." *Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *5 (internal quotation marks omitted); *Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *6 (same). Both the Mortgage and Note provide for the collection of costs by plaintiff. *See* Mortgage ¶ 20 ("In any lawsuit for foreclosure and sale, Lender will have the right to collect all

12

costs and disbursements and additional allowances allowed by law[.]"); Note ¶ 7 ("If Lender has required immediate payment in full . . . the debt enforced through sale of the Property may include costs and expenses[.]").  The Court finds that the costs requested are reasonable and recoverable and recommends awarding the amount requested of **$2,024.67**.

Additionally, as requested, this Court respectfully recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered.  *See* 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. Northern Funding, LLC*, No. 08-CV-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

### IV. Judgment of Foreclosure and Sale and Appointment of Referee

Finally, plaintiff seeks a judgment of foreclosure and sale, that the Property be sold as one parcel, and appointment of a referee for that purpose.  *See* Proposed J.  Specifically, plaintiff requests the appointment of Merik R. Aaron, Esq. as a referee to conduct the sale under the conditions outlined in the proposed Judgment of Foreclosure and Sale, including a fee of $750 to be deducted from the proceeds of the sale.  *See id.*

A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *1st Bridge LLC v. 682 Jamaica Avenue, LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July

13

13, 2010), *report and recommendation adopted*, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010); *see also OneWest Bank N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17, 2015) (authorizing foreclosure and sale of property upon entry of default judgment). Further, courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g., Cole*, 2015 WL 4429014, at *5 (awarding a judgment of foreclosure and sale under the supervision of specific referee requested by plaintiff); *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *1, *4 (E.D.N.Y. Apr. 18, 2014).

Having determined that plaintiff has established its presumptive right to foreclose upon the Property due to the default, this Court respectfully recommends the appointment of Merik R. Aaron, Esq. as referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 22-13). *See CIT Bank, N.A. v. Seeram*, No. 16-CV-2608, 2017 WL 8220204, at *3 (E.D.N.Y. Feb. 15, 2017) (recommending same), *report and recommendation adopted*, 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018). "Courts in this District have routinely found a referee fee of $750 to be reasonable." *Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *5; *Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *6. Accordingly, the Court recommends that **Merik R. Aaron, Esq**. be paid a fee of **$750** from the proceeds of the sale.

## Conclusion

For the foregoing reasons, it is respectfully recommended that the District Court **grant** plaintiff's motion for default judgment, and that the District Court:

(i) order the foreclosure and sale of 1134 Central Avenue, South Hempstead, New York 11550;

(ii) appoint the proposed referee to conduct the sale and receive a fee of $750 from the proceeds of the sale;

 (iii) award plaintiff the account balance sought of $442,667.01 from the proceeds of the sale, plus prejudgment interest from June 30, 2023 through the entry of judgment;

 (iv) award plaintiff $2,024.67 in costs;

 (v) award plaintiff post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961; and

 (vi) dismiss defendants "John Doe #1-5" and "Jane Doe #1-5" from this action.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail on all defendants, and to file proof of service on ECF by **March 1, 2024**. Any objections to the recommendations made in this Report must be filed with the Honorable Margo K. Brodie within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 12, 2024.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

 **SO ORDERED**

Dated: Brooklyn, New York
   February 27, 2024

               s/ James R. Cho
               James R. Cho
               United States Magistrate Judge