UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

THE SECRETARY OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *an agency of the United States of America*,

                      Plaintiff,

v.

THE ESTATE OF LILLIAN CARMODY a/k/a Lillian M. Carmody, deceased; ROBERT GOLAMBOS and BETSY FROEHLING, *Trustees of the Irrevocable Trust Agreement of Lillian M. Carmody, under an agreement dated October 18, 2011*; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; DELTIA LEWIS; "JOHN DOE" #1–5 and "JANE DOE" #1–5, *said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed upon herein*,

                      Defendants.

**MEMORANDUM & ORDER**
23-CV-2297 (MKB) (JRC)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff the Secretary of the United States Department of Housing and Urban Development ("HUD") commenced the above-captioned action on March 25, 2023 against the Estate of Lillian Carmody, also known as Lillian M. Carmody, deceased, Robert Golambos and Betsy Froehling, as Trustees of the Irrevocable Trust Agreement of Lillian M. Carmody under an agreement dated October 18, 2011, the New York State Department of Taxation and Finance, Deltia Lewis, John Does 1–5, and Jane Does 1–5, to foreclose on a Home Equity Conversion Mortgage ("HECM") encumbering 1134 Central Avenue, South Hempstead, New York 11550. (Compl., Docket Entry No. 1.)  Defendants failed to appear or otherwise respond to this action,

and on July 18, 2023, Plaintiff moved for default judgment seeking, *inter alia*, a judgment of foreclosure and sale in favor of Plaintiff, and dismissal of the action against Defendants John Does 1–5 and Jane Does 1–5. (Pl.'s Mot. for Default J. ("Pl.'s Mot.") 1, Docket Entry No. 22.) On July 21, 2023, the Court referred Plaintiff's default motion to Magistrate Judge James R. Cho for a report and recommendation. (Order dated July 21, 2023.)

By report and recommendation dated February 27, 2024, Judge Cho recommended that the Court grant Plaintiff's motion for default judgment and: (1) order the foreclosure and sale of 1134 Central Avenue, South Hempstead, New York 11550; (2) appoint the proposed referee, Merik R. Aaron, Esq., to conduct the sale and receive a fee of $750 from the proceeds of the sale; (3) award Plaintiff the account balance sought of $442,667.01 from the proceeds of the sale, plus prejudgment interest from June 30, 2023 through the entry of judgment; (4) award Plaintiff $2,024.67 in costs; (5) award Plaintiff post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961; and (6) dismiss Defendants John Does 1–5 and Jane Does 1–5 from this action. (Report and Recommendation dated Feb. 27, 2024 ("R&R") 14–15, Docket Entry No. 27.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also*

*Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R in its entirety, grants Plaintiff's motion, and: (1) orders the foreclosure and sale of 1134 Central Avenue, South Hempstead, New York 11550; (2) appoints the proposed referee, Merik R. Aaron, Esq., to conduct the sale and receive a fee of

3

$750 from the proceeds of the sale; (3) awards Plaintiff the account balance sought of $442,667.01 from the proceeds of the sale, plus pre-judgment interest from June 30, 2023 through the entry of judgment; (4) awards Plaintiff $2,024.67 in costs; (5) awards Plaintiff post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961; and (6) dismisses Defendants John Does 1–5 and Jane Does 1–5 from this action.

Dated: March 15, 2024
       Brooklyn, New York

                                   SO ORDERED:

                                   _____S/MKB_____
                                   MARGO K. BRODIE
                                   United States District Judge